Nov. 1813.

HENRY HAYDOCK *against* JEDUTHAN COBB.

MOTION for a new trial.

This was an action of *disseisin*, for a parcel of land in *Tolland.* The plea was the general issue; which, by the agreement of the parties, was closed to the court. The issue was found for the defendant.

The facts disclosed on the trial before the Superior Court, were as follows. In 1796, one *Stephen Howard* assigned to *Henry Haydock & Son*, a certain promissory note, executed to him by the defendant. In *April*, 1809, *Henry Haydock*, as the only surviving partner of the firm of *Henry Haydock & Son*, in the name of *Howard*, obtained a judgment against the defendant, in a suit upon the note, upon which execution was issued ; which execution, in *August*, 1809, was regularly levied on the demanded premises, and was fully satisfied by such levy. In *September*, 1810, the plaintiff, as surviving partner of the firm of *Henry Haydock & Son*, brought a petition in chancery against *Howard* to the Superior Court, praying that the title acquired by the levy of the execution, might be vested in him : And in *September*, 1811, the prayer of the petition was granted, and by a decree of the court, the title of the land was accordingly vested in the plaintiff : But before the passing of the decree, *Howard* died.

In the course of the trial, the defendant offered evidence to prove the fact of *Howard's* death ; to the admission of which, the plaintiff objected ; but the court overruled the objection, and admitted the evidence. Whereupon, the plaintiff moved for a new trial, on the ground that the court erred in admitting the evidence offered by the defendant ; which motion was reserved for the consideration and advice of the nine Judges.

*A.* assigned a promissory note executed to him by *B.*, to *C.*; *C.*, in the name of *A.*, obtained a judgment and execution against *B.* in an action upon the note, and caused the execution to be levied on the land of *B.*, in full satisfaction thereof. Afterwards, *C.* brought a petition in chancery against *A.*, praying, that the title acquired by the levy of the execution, might be vested in him; and obtained a decree in his favour for this purpose : But before the passing of the decree, *A.* died. In an action of disseisin, brought by *C.* against *B.* for the land, it was held, that evidence of the fact that *A.* died before the passing of the decree, was relevant and admissible.

Nov. 1813.

HAYDOCK
v.
COBB.

*Daggett*, in support of the motion. The evidence offered by the defendant, was improperly admitted. The rule that the parties must be before the court, applies only to decrees *in personam*. Here was no decree against the person. The plaintiff was, by the assignment of the debt by *Howard*, and the levy of the execution, entitled to the fee of the land. The decree merely transferred this equitable and subsisting right. Nothing was to be performed by *Howard*, or his representatives. It was not decreed that he should convey the land. This is similar to a decree of a court of admiralty. It is conclusive.

At any rate, the application to set aside the decree, must be made *ex directo*. *Cobb* cannot overthrow the decree, even if *Howard's* representatives could do it. *Cobb* is a stranger to this decree. If this can be done, the inconvenience of having one valid judgment against another valid judgment, would exist. *Penhallow* v. *Doane's* admnrs. 3 *Dall.* 54. *Bac. Abr. tit.* Error. A.

*Goddard* and *Peters*, contra. A court of chancery cannot pass a decree which will be operative, unless the parties are properly before the court. In this case, the decree being passed against a dead man, is void. *Haydock*, therefore, gained no title by it.

There is no analogy whatever between the proceedings of a court of chancery and a court of admiralty. In the latter, a decree is conclusive upon all mankind. In the former, a proceeding *in rem* can be effectual against those only, who are made parties to the bill.

A void judgment may be reversed; but the question here is, whether the party is bound to take this course? *Cobb* was a stranger to the decree; and for this reason, he may invalidate it collaterally. The evidence was, therefore, relevant and admissible. See *Randal's* case, 2 *Mod.* 308.

TRUMBULL, J. The only question in this case, is, whether testimony that *Howard* was dead, at the time of passing the decree in chancery, on which the title of *Haydock* is founded,

was relevant and admissible on the trial ? *Cobb* was a stranger to the record in chancery. He may, therefore, contest it, or shew it to be void, as obtained by collusion, or produce any evidence to prove that the plaintiff thereby gained no right of action against him.

In chancery, a decree cannot have any effect against a stranger, unless there be proper parties before the court in the cause ; though it hath been determined, that an account settled in chancery, between parties, shall stand, notwithstanding the death of one, before the final decree. 1 *Chan. Cas.* 122. The case of *Penhallow* v. *Doane's* administrators, 3 *Dallas*, 54. was relied on in the argument at the bar ; but that was a decision in the court of admiralty, in which notice is given to all mankind to appear and claim, and of course, all are parties.

If *Howard* was dead at the time of the levy, he could gain no title by it against *Cobb*, or any other person : But that question is not before us on this motion. If he was dead at the time of the decree, there was no party on whom the decree could operate. His heir, in whom, whatever title *Howard* might have acquired in his life, was, in law, vested on his decease, could not be devested of it, by a decree, which, as to him, was passed merely *ex-parte.*

I am of opinion, therefore, that the evidence was relevant, and admissible, and that no new trial ought to be granted.

MITCHELL, Ch. J., REEVE, EDMOND, SMITH and BALDWIN, Js., severally, concurred in this opinion.

SWIFT, J. Parties and privies to judgments or decrees, can never impeach them collaterally : They can question them only in due course of law, by writ of error, petition for new trial, or application in chancery. Strangers to judgments or decress, can never question them directly ; but are permitted, when prejudiced by them, to shew that they were obtained by fraud or collusion. A decree void on the face of it, has no effect on parties or strangers.

The decree in this case, is valid on the face of it. It im-

Nov. 1813.

There is no pretence that the decree was obtained by fraud or collusion : Of course, it was incompetent for *Cobb* to prove an extraneous fact repugnant to the decree, for the purpose of rendering it void.

BRAINARD and INGERSOLL, Js., concurred in this opinion.

New trial not advised.